MORRIS v. SHUTTLES BROS. & LEWIS.

(Court of Civil Appeals of Texas. Dallas. June 17, 1911. Rehearing Denied Oct. 7, 1911.)

1. REPLEVIN (§ 71*)—STOLEN GOODS—ACTION AGAINST PURCHASER—EVIDENCE.

In an action against a purchaser of goods alleged to have been stolen to recover a portion thereof, evidence of a deputy sheriff that plaintiff and wife had furnished him the description of jewelry claimed to have been stolen, including that sued for; that the witness found P. in jail, who admitted stealing the jewelry and took witness to each place where he had sold and pawned it; that the proprietor of one of the stores in P.'s presence admitted that he had purchased the diamonds from P. and had sold them to defendants; that witness got some other jewelry from a pawnshop in D.— was admissible to establish that the jewelry had been stolen and to identify the property as that stolen from plaintiff.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 285–291; Dec. Dig. § 71.*]

2. REPLEVIN (§ 12*) — STOLEN PROPERTY — KNOWLEDGE OF RECEIVER.

It is not essential that a purchaser of stolen property should have known it to have been stolen, or had notice of the fact when he purchased it, in order that the owner may recover it.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 102; Dec. Dig. § 12.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action by R. A. Morris against Shuttles Brothers & Lewis. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Morris & Pope, for appellant. Lively, Nelms & Adams and Spence, Knight, Baker & Harris, for appellee.

RAINEY, C. J. Appellant brought this suit to recover from appellees two diamond rings and a diamond stud, claiming that said jewels had been stolen by one Phelps and that appellees had come into possession of the same and refused to surrender the same to appellant. Appellees answered by general demurrer and general denial. A trial resulted in a verdict and judgment for appellees, from which this appeal is taken.

[1] The court excluded the depositions of R. A. Cope, deputy sheriff of Camp county, Tex., who testified that: "R. A. Morris and wife furnished him a description of the jewelry stolen from them, consisting of two gold watches, one pair of bracelets, three diamond rings, two diamond studs, several plain gold rings, and other small trinkets, and that he came to Dallas, Tex., in search of the jewelry and thief and found Otis M. Phelps in jail and talked with him, and he admitted steal-

ing the jewelry and took witness and Deputy Sheriff Ledbetter to each place where he had sold and pawned the jewelry. Some pieces of small value and the box where the jewelry was kept when stolen were found in Phelps' valise. We found two of the rings at a jewelry store, and Phelps carried us to a man by the name of Wolf and stated in Wolf's presence that he was the man to whom Phelps had sold two diamond rings and one diamond stud, and Wolf acknowledged that he got them and had sold them to Shuttles Bros. & Lewis. We got the bracelets, one watch and chain, and two plain gold rings from some pawnshop in Dallas, and two rings from a young lady in Cass county."

We think the court erred in excluding said testimony. Plaintiff's case was based on the theory that said jewelry had been stolen from them by one Phelps, and it was necessary to establish said theory. Other jewelry was stolen at the same time which was sold to different parties by Phelps. This was recovered through information from Phelps as to the parties to whom sold, and the box where the jewelry was kept when stolen was found in Phelps' valise. This testimony all tended to show that Phelps stole the jewelry and was material in tracing and identifying the two diamond rings and the diamond stud that were stolen from plaintiff. This testimony, as it led to a discovery of the property, would have been clearly admissible on the trial of Phelps for theft of said jewelry, and we cannot see why it was not legitimate in tracing and identifying it in the hands of appellees.

[2] It was not essential that appellees when they bought the jewelry knew that it had been stolen or had notice of that fact, in order for plaintiff to recover. If the property was taken from appellant without his consent and traced to the possession of appellees, then he is entitled to recover, as the title remained in him, notwithstanding appellees were innocent possessors.

Aside from the foregoing evidence, we are unwilling to let the judgment stand on the evidence that was admitted, and the court should have granted appellant's motion for a new trial.

The judgment is reversed, and the cause remanded.